IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL LEE VANCE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-5908 |
| | : |
| COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY,<br>    Defendant. | :<br>:<br>: |

MEMORANDUM

**KENNEY, J.**                                                                                                                 **JANUARY 16, 2025**

      Plaintiff Russell Lee Vance, a convicted prisoner who is currently incarcerated at SCI Phoenix, filed a *pro se* document titled "*Ex-Parte Nunc Pro Tunc* Petition," which the Court construes as a Petition for Writ of Mandamus, seeking an Order of this Court directing the Court of Common Pleas of Philadelphia County to act on a motion Vance allegedly filed in that court. ("Petition" (ECF No. 1)). Currently before the Court are Vance's Petition, his Motion for Leave to Proceed *In Forma Pauperis*, and his Prisoner Trust Fund Account Statement. (ECF Nos. 1, 4, 5.) For the following reasons, the Court will grant Vance's Motion for Leave to Proceed *In Forma Pauperis*[1] and dismiss his case without prejudice for lack of subject matter jurisdiction.

---

[1] Although caselaw in the Third Circuit is unsettled as to whether the Prison Litigation Reform Act ("PLRA") applies to a petition for writ of mandamus filed pursuant to 28 U.S.C. § 1361, several courts in this circuit have applied the PLRA to such petitions. *See Banks v. Langford*, No. 16-4176, 2016 WL 3769351, at *1-2 (D.N.J. July 14, 2016) (citing cases). However, there appears to be an exception where, as here, the writ seeks to compel action in an underlying criminal case. *See In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) ("[T]he PLRA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983, *but not to writs directed at judges conducting criminal trials*." (emphasis added)). *See also Hamani v. Dir. Fed. Bur. of Prisons*, No. 11-2780, 2011 WL 2112306, at *1 (D.N.J. May 25, 2011) (relying on *In re Nagy* for proposition that PLRA applies to 1361 mandamus action that seeks relief analogous to civil rights complaint); *Banks v. Hornak*, 698 F. App'x 731, 739 (4th Cir. 2017) (assuming, without deciding, that "Section 1361 petitions seeking relief in preexisting criminal proceedings are, like their Section 1651 counterparts, not 'civil actions' for

I.     **FACTUAL ALLEGATIONS**[2]

Vance's allegations are brief. Referring to a criminal case pending in the Philadelphia County Court of Common Pleas styled *Commonwealth v. Vance*, No CP-51-CR-0216811-1985 (C.P. Phila.), he alleges that on or about February 13, 2023, he filed a request seeking an update on the status of the case, and his request was denied. (Petition, at 2.) He seeks an Order from this Court compelling the state court to grant Vance a status listing for his case. (*Id*. at 3.)

A review of the publicly available docket in *Commonwealth v. Vance*, No. CP-51-CR-216811-1985 reflects that on May 4, 1989, Vance pled guilty to one count of first-degree murder and one count of possessing an instrument of crime. (*Id*.) He received a life sentence. (*Id*.) The docket further reflects that Vance unsuccessfully filed several petitions pursuant to the Pennsylvania Post-Conviction Relief Act. (*Id*.) Otherwise unidentified correspondence from Vance was docketed on February 13, 2023, March 5, 2024, and December 2, 2024. (*Id*.) The docket does not reflect any action by the state court following the docketing of the February 13, 2023 correspondence.

II.    **STANDARD OF REVIEW**

The Court must review pleadings and dismiss a matter if, *inter alia*, the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

---

purposes of the PLRA"). The Court determines that the PLRA is inapplicable in this context of the instant Petition.

[2] The factual allegations set forth in this Memorandum are taken from Vance's Petition. The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

Vance's Petition seeking an Order of this Court directing the Philadelphia Court of Common Pleas to respond to his state court filings must be dismissed for lack of subject matter jurisdiction.  There are two sources of jurisdiction for a federal district court to grant relief in the nature of mandamus.  Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Also, 28 U.S.C. § 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction.

Section 1361, limited to compelling an executive officer or employee of the United States to perform a duty, does not confer jurisdiction on this Court to issue a writ of mandamus to compel a state judicial officer to act in matters pending in a state court.  *See Bainbridge v. Pa. Dep't of Corr.*, No. 23-4835, 2024 WL 1163530, at *3 n.5 (E.D. Pa. Mar. 18, 2024) (citing *Sanchez v. Gonzalez*, No. 05-2552, 2005 WL 2007008, at *3 (D.N.J. Aug. 16, 2005); *Urich v. Diefenderfer*, No. 91-47, 1991 WL 17820, at *1 (E.D. Pa. Feb. 11, 1991)).  Section 1651 is not applicable because Vance's request for mandamus relief is not one in aid of this Court's jurisdiction.  Thus, this Court does not have jurisdiction under either provision to order a state court to respond to Vance's filings.

## IV. CONCLUSION

For the reasons stated, Vance's Motion for Leave to Proceed *In Forma Pauperis* will begranted, and his Petition will be dismissed without prejudice for lack of subject matter jurisdiction. No leave to amend will be granted since any such attempt would prove futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**